# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JARED M. SMITH, #K58441, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 3:21-cv-00017-SMY |
| ROB JEFFREYS, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

Plaintiff Jared M. Smith, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff's motion for leave to proceed *in forma pauperis* was denied because he had incurred three "strikes" within the meaning of 28 U.S.C. § 1915(g) before filing this action and the allegations in the Complaint do not establish imminent danger of serious physical injury. (Doc. 5). He was ordered to pay the filing fee of $402.00 on or before June 16, 2021 and was warned that failure to comply would result in dismissal of the action under Federal Rule of Civil Procedure 41(b). (*Id.*). To date, Plaintiff has failed to pay the filing fee.

Accordingly, this action is **DISMISSED** without prejudice for failure to comply with an Order of this Court. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $402.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Accordingly, the agency having custody of

the Plaintiff is **DIRECTED** to remit the $402.00 filing fee from his prison trust fund account if such funds are available. If he does not have $402.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the $402.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $402.00 fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at Vienna Correctional Center upon entry of this Order.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

**IT IS SO ORDERED**.

**DATED: June 28, 2021**　　　　　　　　　*s/ Staci M. Yandle*
　　　　　　　　　　　　　　　　　　　　　**STACI M. YANDLE**
　　　　　　　　　　　　　　　　　　　　　**United States District Judge**